In The United States District Court
for The Middle District of Pennsylvania

Keith S. Brown
(Plaintiff)

vs

Officer Col. James Evans et al
(Defendants)

1:23-CV-01123

FILED
HARRISBURG, PA
MAR 05 2024
PER _____ DEPUTY CLERK

(Jury Trial Demanded)

**Plaintiff's Respond In Opposition to the Defendant Eleventh Amendment Immunity and Sovereign Immunity Motion to DISMISS**

AND now, comes Keith S. Brown ("Plaintiff") who respectfully submits the following response in opposition to the preliminary objections filed by the defendants to this action. Counsel for the defendants seek dismissal of the complaint on the basis that it:

(1) For Improper Service the plaintiff did file and serve a complaint on the attorney general office himself see Exhibit according to Pennsylvania Rule of Civil Procedure 401(a)

(2) The plaintiff mailed a copy himself to attorney general office. If rather he receive it the plaintiff would not know until now which the case should not be dismiss which Improper Service can be correct I can forward another copy to the court requesting the sheriff to serve it at this time.

(3) A legal Insufficiency in the form of a demurrer can be correct

4) failed to state a claim under or upon which relief can be granted;

5) failed to state a claim under the Sovereign Immunity act with respect to declaratory judgment and punitive damages. With regard to counsel argument. Plaintiff submit any deficiencies in the complaint will be corrected following discovery. As to the as to the other position advanced by the defendants, Immunity does not shield the actions of Government employees acting outside the scope of their employment and lastly, The plaintiff will withdraw the request for punitive damages

1

(6) The plaintiff Amended his complaint March 27, 2013 So he has until April 27, 2023 to provide attorney general with a copy of Amended complaint So its not failure to Effectuate proper Service on officer Evans

(7) In his complaint he alleged On or about April 12, 2022 plaintiff was being transport from Lehigh Valley Medical Center By Defendant Evans who was the Driver of the D.O.C Vehicle while texting on his phone crash Into the Back of a BMW car.

(8) In his complaint fact 13# while Defendant Evans was driving this vehicle he was going approximately around 30 or 40 MPH out St. Clair PA high way and Decide to texts on his cellular phone which Cause the accident acting reckless disregard to the plaintiff health and Safety.

(9) The plaintiff causes of action In his amended complaint Speak for It Self negligence. Cause of Action 1 from 58# to 66# of his complaint

At this point, however, the Complaint Should not be dismissed based on plaintiff facts and claims. Counsel has states that the complaint Is void of any reference as to which exception to Sovereign Immunity plaintiff Is proceeding asserting that "(T)he defendants Should not have to guess" (prelim. obj.) Based Solely on the facts outlined In the Complaint, any form of "guess-work" Is wholly unnecessary. The exceptions to Sovereign Immunity Include: vehicle liability; Medical professional liability; Care, Custody or Control of personal property; Commonwealth real estate, highways, and Sidewalks; potholes and other dangerous Conditions; Care, Custody, or Control of animals; liquor Store Sales; national Guard activities and toxoids and Vaccines 42 PA C.S.A. § 8522 (b)(1)-(9). Conversely, In the Complaint it was alleged that "(T)he actions of Defendant Evans In driving at unsafe speeds... and texting Constituted the tort of negligence It was further alleged that "(T)he actions of defendant Evans ( operating the van while texting... Constituted negligence Considering the claims made against Defendant Evans Involved the negligent operation of a Vehicle, Its perplexing as to which exception counsel thought plaintiff could have been proceeding

2

As previously noted, there is only one exception to Sovereign Immunity under which the factual allegations could proceed. Again the primary basis upon which this is predicated stem from April 12, 2022, negligent operation by a DOC employee, of a DOC owned and operated vehicle. Plaintiff is not claiming have been injured by Medical personnel nor by potholes, toxoids and/or vaccines. As nothing in the complaint can be read to claim otherwise the defendants Summary judgment must be Denied.

(10) <u>Intentional/Willful act</u>:

The defendants next argument is that the complaint requires dismissal as the General Assembly did not waive Sovereign immunity for cause of action involving intentional or willful acts (prelim obj) As the argument goes the causes of action against defendant Evans and Dr. Baddick, Boguslaw for "obstruction with the administration of law or other Government function" does not make a case against those defendants insofar as they are shielded by Sovereign Immunity. Id. that view is not share by the courts of this Commonwealth, just last term the Supreme Court of Pennsylvania had occasion to define the parameters of the Sovereign Immunity Act. In <u>Justice V. Lombardo</u>, 208 A 3d 1057 (PA 2019), the Court was asked to decide whether Commonwealth employees retain Sovereign Immunity protection even for claims of alleged willful misconduct. The court began its discussion by noting that:

"... the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy Sovereign Immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."

<u>Justice</u>, 208 A. 3d at 1066. It was further noted that "(o)ur intermediate appellate courts have held that these protections shield an employee of a commonwealth agency from the impositions of liability even for intentional torts" <u>Id</u>. Thus the court concluded, "judgment could only be entered if the defendant (Lombardo) was acting outside the scope of his employment..." <u>Id</u>. at 1067,

3

Section 228 of the Restatement provides:

(1) Conduct of [an employee] is within the scope of employment if, But only if:
  (a) It is of the kind he is employed to perform;
  (b) It occurs substantially within the authorized time and space limits;
  (c) It is actuated at least in part, by a purpose to serve the [Employer], and
  (d) If force is intentionally used by the [employee] against another, the use of force is not unexpected by the [employer].

Restatement (Second) of Agency § 228 (1) (1958). On the other hand, an employees conduct "is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too actuated by a purpose to serve the master." Id; at § 228 (2). The relevant question in this case is whether defendant Evans, and Dr. Baddick, Boguslaw were acting within the scope of their duties. The facts set forth in the complaint alleged that defendants Evans, Dr. Baddick, Boguslaw deliberately obstructed plaintiff's effort to petition the Government for Redress of Substantial Evidence. The Actions/inaction of those defendants was done in an apparent attempt to prevent plaintiff from receiving the standard of care for his injuries and to exhausting administrative remedies as required by the prison Litigation reform act, ("PLRA"), of 1995, which in turn would prevent the plaintiff relieving compensatory, monetary punitive damage for the injuries he sustain in the federal courts. It is also clear that the action/inaction of defendants Evans, Baddick, Boguslaw was done in concert to conceal the negligence of themselves and defendant Evans again the question is whether the Department of Corrections employed either, Defendant Evans or Baddick, Boguslaw, to obstruct the administration of justice or to engage in civil conspiracy. It is doubtfully the DoC would purposely hire obstruction-ists of justice at the tax payers expense. Contrary to the arguments of counsel, the sovereign immunity act does not shield Commonwealth employees for Intentional acts outside the scope of their Duty. Moreover, because sovereign immunity is an

4

affirmative defense, the defendants carries the burden at trial of proving that his conduct was within the scope of his employment; Justice, 208 A.3d at 1068 (citing Reott v. Asia Trend, Inc 55 A.3d 1088, 1095-96 (Pa 2012) The Supreme Court has long held that whether a particular act of an employee is within the scope of his employment is ordinarily a question of facts for the jury. Brennan v. Merchant & Co., Inc., 54 A. 891 892 (PA 1903). The only exception to this well-established rule is where neither the facts nor the inferences to be drawn from them are in dispute. In such a case, the court may decide the scope of employment question as a matter of law. However, where more than one inference may be drawn from the facts, the issue of whether an employee was acting within the scope of employment is for the jury. Iandiorio v. Kriss & Senso Enterprises, Inc 517 A.2d 530, 534 (PA 1986). In other words, it would be inappropriate to decide the issue as the defendants are asking this court to do. It is therefore requested that the preliminary objections be overruled in its entirety.

(4) **Punitive Damages:**

Upon research of this objection plaintiff is compelled to agree with counsel for the defendants. As such, plaintiff will withdraw the request for punitive damages without prejudice to plaintiff's rights to refile if available in the future.

## Conclusion

Wherefore, it is respectfully requested that the Summary judgment filed by the Defendants be overruled and the discovery be permitted to proceed. It is further requested that the request for punitive damages be withdrawn by consent without prejudice

Date: Feb 24, 2024

Respectfully Submitted
Keith S. Brown HS5040
SCI-

Keith S. Brown HS5040
SCI-COAL, TWP
1 Kelley Dr
Coal Township PA 17866

Hon. Jennifer P. Wilson
United States District Court
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street Suite 101
Harrisburg PA 17102



RECEIVED
HARRISBURG, PA
MAR 05 2024
PER ___JBL___
DEPUTY CLERK