# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH S. BROWN,                    :    Civil No. 1:23-CV-01123
                                   :
      Plaintiff,                   :
                                   :
      v.                           :
                                   :
COL. EVANS, *et al.*,              :
                                   :
      Defendants.                  :    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court are Defendants' motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Docs. 30, 32.)  Keith S. Brown ("Plaintiff") is bringing constitutional claims under 42 U.S.C. § 1983 along with claims of conspiracy, negligence, and intentional infliction of emotional distress.  (Doc. 23.) Plaintiff has also filed a motion for an extension of time to submit additional briefing.  (Doc. 40.)  For the following reasons, the motions to dismiss will be granted in part.  The court will dismiss all Eighth Amendment and conspiracy claims under 42 U.S.C. § 1983 over which it has original jurisdiction and all criminal claims.  The remaining state tort law claims will be remanded back to the Court of Common Pleas of Schuylkill County, the motion for an extension will be denied, and the case will be closed.

## PROCEDURAL HISTORY

Plaintiff initiated this action on March 2, 2023 by filing a complaint in the Court of Common Pleas of Schuylkill County.  (Doc. 1.)  He then amended his complaint on March 30, 2023.  (*Id*.)  Plaintiff named four defendants in the amended complaint: (1) Col. Officer Evans ("Evans"); (2) Dr. Peter Baddick ("Baddick"); (3) P.A. Nicole Boguslaw ("Boguslaw"); and (4) Well-Path Health Services ("Well-Path").  (Doc. 1-3.)  Defendants Baddick, Boguslaw, and Well-Path filed a notice of removal in this court on July 6, 2023.  (Doc. 1.)  Following Rule 12(b) motions, Plaintiff filed a second amended complaint rendering the pending Rule 12(b) motions moot.  (Doc. 23.)  This second amended complaint is the operative complaint in the above-captioned matter.

In the second amended complaint, Plaintiff alleges that on April 12, 2022, he was transported from Lehigh Valley Medical Center.  (*Id*., p. 3.)[1]  Defendant Evans was driving the Department of Corrections ("DOC") vehicle while texting on his cellular phone.  (*Id*.)  Defendant Evans was driving around 30 to 40 miles per hour out St. Clear Pennsylvania Highway while texting and crashed into the back of a double-parked BMW car on the highway.  (*Id*.)  The Pennsylvania State Police arrived on the scene and took photos of both vehicles.  (*Id*., p. 4.)  While the Security Staff Officers from the State Correctional Institution Frackville ("SCI-

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Frackville") were at the scene taking photos of the crash, Plaintiff was removed from the wrecked van and placed into another DOC vehicle.  (*Id*., p. 5.)  When being removed from the van, Plaintiff reported "again" to Defendant Evans that he was injured, and he also reported the injury to the state troopers standing there. (*Id*.)

Plaintiff was then transported back to SCI-Frackville Medical Department by Defendant Evans and several other officers.  (*Id*.)  Defendant Evans made Plaintiff wait out in the waiting room rather than take him straight back "there like they usually do."  (*Id*.)  Defendant Evans allegedly went in and spoke with Defendant Baddick and convinced Defendant Baddick not to send Plaintiff out to the emergency room for the injuries he sustained.  (*Id*.)  Plaintiff alleges that Defendants are aware of the DOC policy that requires inmates injured outside the prison to be taken to the emergency room before returning to the prison.  (*Id*.)

Instead of following the policy, Plaintiff alleges that he was brought into the medical triage room in front of Nurse Amber Stanhler who started an assessment. (*Id*.)  He reported his injuries to Nurse Amber Stanhler and then Defendant Baddick came in.  (*Id*.)  Nurse Amber Stanhler asked Defendant Baddick if he was sending Plaintiff out to the emergency room, and Defendant Baddick said no.  (*Id*.) Plaintiff requested to be sent out.  (*Id*.)  Defendant Baddick conducted a five-minute examination of Plaintiff's neck and shoulder.  (*Id*., p. 6.)  Defendant

Baddick prescribed Plaintiff prednisone and Flexeril.  (*Id*.)  "They" ordered an x-ray, which Plaintiff alleges was inappropriate for his condition of a herniated disc, which Defendant Baddick allegedly knew.  (*Id*.)

The day after the accident, on April 13, 2022, Plaintiff was unable to stand up when trying to get out of bed, and he submitted a sick call slip.  (*Id*., pp. 6, 8.) Plaintiff was seen by Defendant Boguslaw for his injuries on April 15, 2022.  (*Id*., p. 8.)  Defendant Boguslaw refused to transport him out of the prison to the emergency room and instead ordered an x-ray.  (*Id*., pp. 8–9.)  Plaintiff reported a herniated disc in his back that was exacerbated by the impact and increased pain, but Defendant Boguslaw ignored Plaintiff's request for further testing, treatment, and medication in the emergency room.  (*Id*., p. 8.)

As a result of this crash, Plaintiff alleges that he suffered "[i]ntense excruciating pain" to his neck, shoulder, and lower lumbar spine, emotional distress, anxiety, and fear that he was going to die.  (*Id*., p. 3.)

Plaintiff alleges that Defendant Wellpath "established and maintained a policy, practice, or custom which directly caused [Plaintiff] constitutional harm by depriving the stand[ard] of care."  (*Id*., p. 7.)  He also alleges that in failing to act, Well-Path "maintains a specific policy, custom, or practice of Deliberate Indifference to the plaintiff['s] Serious Medical Need which led to harm."  (*Id*., p. 10.)

4

Plaintiff brings a claim of negligence under state law and deliberate indifference under the Eighth Amendment against Defendant Evans for the collision. (*Id.*, pp. 4, 12–13.) He also brings a claim of obstruction with the administration of law claim against Defendants Evans, Baddick, and Boguslaw to prevent any evidence of the injury following the accident. (*Id.*, p. 13.) Plaintiff brings a claim of civil conspiracy to conceal damages and injuries against Defendants Evans, Baddick, and Boguslaw. (*Id.*, 14.) Plaintiff also brings an Eighth Amendment deliberate indifference claim against all Defendants for their failure to send him out to an emergency room in accordance with DOC policy. (*Id.*, pp. 6–12.) Plaintiff brings a claim of negligence and intentional infliction of emotional distress against all Defendants for their alleged failure to treat his injuries following the collision. (*Id.*)

On February 1, 2024, Defendant Evans filed a motion to dismiss and brief in support. (Docs. 30, 31.) On February 13, 2024, Defendants Baddick, Boguslaw, and Well-Path filed a motion to dismiss and brief in support. (Docs. 32, 33.) Plaintiff filed briefs in opposition on February 21, 2024 and March 5, 2024, respectively. (Docs. 35, 36, 37.)

On March 5, 2024, Plaintiff also filed a motion for summary judgment. (Doc. 38.) After not receiving a brief in support of the motion, the court deemed it withdrawn on August 8, 2024. (Doc. 39.) Plaintiff then filed a motion for an

extension of time, in which it appears that Plaintiff was asking for additional time to refile his briefs in opposition of the motions to dismiss believing that the withdrawal of the motion for summary judgment was due to the court's non-receipt of these briefings.  However, these briefings have been received and reviewed by the court.  Therefore, the motion for an extension of time will be denied.  The court will now address the pending motions to dismiss.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Schuylkill County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b); (Doc. 23, p. 1).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

All Defendants allege that Plaintiff's amended complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 31, 33.) Defendant Evans also seeks to raise the affirmative defense of immunity to the claims brought against him. (Doc. 31.)

### A. Plaintiff's 42 U.S.C. § 1983 Eighth Amendment and Conspiracy Claims Will Be Dismissed.

Plaintiff alleges that all Defendants violated his Eighth Amendment rights. (Doc. 1.)  These alleged violations took two forms: (1) Defendant Evans being deliberately indifferent to Plaintiff by driving and texting exposing him to substantial risk of harm; and (2) all Defendants being deliberately indifferent to Plaintiff's serious medical needs following the collision.

#### 1.  Texting and Driving

Plaintiff alleges that Defendant Evans violated his Eighth Amendment right by texting and driving, which resulted in a collision.  (Doc. 1, pp. 4, 12–13.)

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  The Supreme Court has found that an Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."  *Id*.  Furthermore, in cases involving prison safety or prison conditions, the relevant state of mind "is one of 'deliberate indifference' to inmate health or safety."  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 (3d Cir. 2001).

The Third Circuit Court has held that "conduct amounting to no more than negligence cannot constitute a violation of [a] constitutional right . . . regardless of

whether the conduct is better characterized as non-feasance or misfeasance." *Shaw by Strain v. Strackhouse,* 920 F.2d 1135, 1143 (3d Cir.1990).  Indeed, at least two courts in the Third Circuit have dismissed similar Eighth Amendment claims based on allegations of negligent driving.  *See Bishop v. New Jersey Dept. Of Corrections,* 2006 WL 777035 at * 2 (D.N.J. Mar. 24, 2006) (finding that negligent or careless driving was not actionable under § 1983, where inmate was injured when corrections officer crashed prison van into a parked vehicle), *see also McCoy v. Yurcak*, 2009 WL 1684685 (W.D. Pa. Jun. 16, 2009).

It is clear from Plaintiff's allegations in this case that his claims are based on Defendants Evans' alleged negligence, carelessness and/or recklessness, rather than deliberate indifference.  Accordingly, the allegations do not satisfy the second prong of the *Farmer* test, and Plaintiff's Eighth Amendment claim based on texting and driving against Defendant Evans will be dismissed.

### 2. Deliberate Indifference to a Serious Medical Need

Plaintiff alleges that all Defendants violated his Eighth Amendment right when they refused to send him to the emergency room following the collision to treat his injury.  (Doc. 23.)

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment

for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)). Mere disagreement over proper treatment does not state a claim upon which relief can be granted. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of

11

malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

The court recognizes that Plaintiff has alleged a violation of DOC policy by Defendants refusing to take him to an emergency room directly following the collision.  However, DOC policy does not have the force of law and does not rise to the level of a regulation.  *Atwell v. Lavan*, 557 F.Supp.2d 532, 556, n. 24 (M.D. Pa. Mar. 26, 2008) (citing *Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004)).  Plaintiff's second amended complaint makes it clear that he received medical treatment and was not denied care.  Plaintiff clearly disagrees with the medical care provided, but that does not rise to the level of a constitutional violation.  Therefore, the Eighth Amendment claim arising from the post-accident medical treatment will be dismissed.

Because the Eighth Amendment claims will be dismissed, there can be no conspiracy claim associated with the violation of Plaintiff's Eighth Amendment right.  There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

> (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).  Here, there was no deprivation of Plaintiff's Eighth Amendment right.  Therefore, any conspiracy claim associated with the Eighth Amendment claim will be dismissed.

### B.  Plaintiff's Obstruction of Administrative Law Claims Will Be Dismissed.

Plaintiff alleges that Defendants engaged in the obstruction of administrative law.  This is a criminal violation under Pennsylvania law.  *See* 18 Pa.C.S. § 5101.  Private citizens lack standing to initiate criminal proceedings.  *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, any attempt to raise criminal actions against Defendants in this civil complaint will be dismissed with prejudice.

### C.  The Court Will Not Exercise Supplemental Jurisdiction Over the State Tort Claims.

Plaintiff brings a claim of negligence against Defendant Evans for the collision and claims of negligence and intentional infliction of emotional distress against all Defendants for their alleged failure to treat his injuries following the collision.  (Doc. 23, pp. 6–12.)

Defendant Evans asserts the defense of sovereign immunity with respect to the negligence claims.  (Doc. 31.)  It is well established that employees of the Commonwealth of Pennsylvania are entitled to sovereign immunity from common

law tort claims so long as they are acting within the scope of their duties. *See* PA CONST. Art. 1, § 11; 1 Pa. C.S.A. § 2310. As codified by the Pennsylvania General Assembly:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. Cons. Stat. Ann. § 2310. This grant of immunity "applies to Commonwealth employees in both their official and individual capacities." *Larsen v. State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008); s*ee also Nguien v. Pennsylvania Dep't of Corr.*, 2021 WL 3563373, at *7 (W.D. Pa. Aug. 12, 2021) ("In other words, if the Commonwealth is entitled to sovereign immunity . . . then its officials and employees acting within the scope of their duties are likewise immune.") (quoting *Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988)).

There are ten specifically delineated exceptions to sovereign immunity: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5)

potholes and other dangerous conditions; (6) care, custody, or control of animals;
(7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and
(10) sexual abuse.  42 Pa. C.S.A. § 8522.

Defendant Evans alleges that none of these ten exceptions are present in this
case and Plaintiff's claims of negligence, conspiracy, and intentional infliction of
emotional distress are barred.  (Doc. 31, pp. 5–6.)  However, it appears that
Defendant Evans has overlooked the first exception: vehicle liability.  According
to 42 Pa. C.S.A. § 8522, the defense of sovereign immunity shall not be raised for
damages caused by "[t]he operation of any motor vehicle in the possession or
control of a Commonwealth party."  Plaintiff has alleged that Defendant Evans, a
DOC employee, was operating a DOC vehicle while texting, which resulted in an
automobile collision and, ultimately, Plaintiff's injuries.  (Doc. 23, p. 3.)  Nothing
in Defendant Evans' briefing provides any explanation as to why 42 Pa. C.S.A. §
8522(b)(1) does not apply to this factual scenario.  Therefore, the court is unable to
determine that sovereign immunity applies to the underlying tort claim based on
the briefing submitted.

However, because this court concludes that the § 1983 claims upon which
subject matter jurisdiction is predicated will be dismissed, it will decline to extend
supplemental jurisdiction to the remainder of Plaintiff's claims or to review them
on the merits.

When a plaintiff alleges federal law claims that fall within this court's

original jurisdiction pursuant to 28 U.S.C. § 1331, the court may exercise

supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28

U.S.C. § 1367.  Section 1367 provides in pertinent part that "in any civil action of

which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution."  28 U.S.C. §

1367(a).  However, under Section 1367(c)(3), "[a] district court may decline to

exercise supplemental jurisdiction over a claim if 'the district court has dismissed

all claims over which it has original jurisdiction[.]'"  *Oras v. City of Jersey City*,

328 Fed. Appx. 772, 775 (3d Cir. 2009) (citing 28 U.S.C. § 1367(c)(3)).

Moreover, as recognized by the Third Circuit, "[w]here the claim over which the

district court has original jurisdiction is dismissed before trial, the district court

must decline to decide the pendent state claims unless considerations of judicial

economy, convenience, and fairness to the parties provide an affirmative

justification for doing so."  *Oras*, 328 Fed. Appx. at 775 (citing *Hedges v. Musco*,

204 F.3d 109, 123 (3d Cir. 2000)) (internal quotations omitted) (emphasis in

original); *see Dozier v. Dep't of Corr.*, No. 1:12-CV-00838, 2013 WL 6631621, at

*8 (M.D. Pa. Dec. 17, 2013) ("Where a district court has original jurisdiction

16

pursuant to 42 U.S.C. § 1983 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c)(3))).

Here, the court has dismissed all claims over which it has original jurisdiction.  Furthermore, it appears that Defendant Evans' may not be able to enjoy the protections of sovereign immunity under 42 Pa. C.S.A. § 8522(b)(1) and additional proceedings to address the tort claims may be necessary.  Therefore, the court will remand all pending tort claims to state court.

## CONCLUSION

For the above stated reasons, Plaintiff's 42 U.S.C. § 1983 Eighth Amendment and conspiracy claims against all defendants will be dismissed.  The court acknowledges that before dismissing a civil rights complaint, it "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Here, the court finds that any attempts to further amend the complaint would be futile.  Therefore, the Eighth Amendment claims, conspiracy claims, and criminal claims will be dismissed with prejudice.  The court declines to exercise supplemental jurisdiction over the pending state law tort claims and will remand those back to the appropriate state court.  Plaintiff's motion for an extension of time will be denied.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 29, 2024